**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEDERICO ROSAS,

        Plaintiff - Appellant,

v.

D. DENNY; et al.,

        Defendants - Appellees.

No. 15-15444

D.C. No. 1:14-cv-01418-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted April 13, 2016[***]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

California state prisoner Federico Rosas appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Rosas consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and due process claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Rosas's access-to-courts claim because Rosas did not allege facts sufficient to show that he suffered actual prejudice with respect to contemplated or existing litigation.  *See Lewis v. Casey*, 518 U.S. 343, 348-52 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Rosas's claim regarding the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

We do not consider Rosas's Eighth Amendment claim because Rosas failed to replead it in his operative complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider issues which are not supported by argument. *See*

*Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

**AFFIRMED.**